STATE BOARD OF TRUSTEES OF THE DELAWARE STATE HOSPITAL AT FARNHURST, Plaintiff, v. DELAWARE TRUST COMPANY, a Delaware corporation, Adminis-

trator C.T.A. of the Estate of Cecilia B. Whitton, Deceased, Defendant.

(*May* 6, 1964.)

CHRISTIE, J., sitting.

*Robert B. Walls, Jr.,* for plaintiff.

*William S. Satterthwaite* for defendant.

Superior Court for New Castle County, No. 1538, Civil Action, 1962.

CHRISTIE, Judge.

The facts are not in dispute. Mrs. Cecilia B. Whitton died on December 10, 1961, a patient at the Delaware State Hospital at Farnhurst. Under the provisions of 16 *Del.*

*Code* § 5127, her estate is liable for the value of the services rendered for her maintenance and support at the Hospital. The amount due at the time of her death was $4,027.31. A probated claim for this amount has been filed and the amount due is not in dispute.

At the time of her death, Mrs. Whitton's estate consisted of personal property valued at $1,473.24 and real estate worth about $20,000. After payment of miscellaneous debts and administration expenses, there remains in the hands of the administrator, defendant herein, $247.89. This amount defendant is willing to pay over to the Hospital immediately without contest.

The Trustees of the Hospital, plaintiffs here, demand that the administrator file a petition with the Orphans' Court for authority to sell Mrs. Whitton's real estate and satisfy the remainder of the Hospital's claim from the proceeds of that sale. This the administrator refuses to do, contending that the State agency is precluded from charging the deceased's real estate with its claim by the terms of 31 *Del. Code* § 1104, which provides:

"No agency in this State furnishing relief or assistance to any ill or needy persons in this State shall charge the real estate of such persons with the cost of such relief or assistance so furnished." (Originally enacted June 5, 1951 as 48 Del.L.Ch. 282)."

By this suit plaintiffs seek a judgment against the estate which may be collected from the proceeds of a sale of the real estate.

The provisions of Title 31 deal generally with public welfare programs and various forms of assistance to needy persons other than those who are mentally ill. The State's program for mentally ill persons is administered by a separate board and the provisions applicable thereto

are found in Title 16.

▮ I am of the opinion that the special provisions of 31 *Del. Code* § 1104 which prohibit the charging of real estate of needy persons with the cost of relief or assistance find no application to the cost of treatment in a mental hospital. This section was originally enacted in 1951 as 48 Del.L.Ch. 252. It does not refer specifically to recipients of welfare. However, when the new code was enacted in 1953, this section was codified and reenacted as part of Title 31. This may tend to indicate an intention on the part of the Legislature to restrict the application of the section to recipients of welfare under Title 31. This opinion is reinforced by the definition of "assistance" which was added to Title 31 in 1955.

The word "assistance" is now defined in 31 *Del. Code* § 502 in the following terms:

" 'Assistance' means money payments (except that in General Assistance non-money payments may be made to or in behalf of eligible needy persons to enable them to provide for themselves a decent and healthful standard of living. Assistance shall be in the form of direct money payments to the recipient, and may in addition to direct money payment, include care, support, service, medical or surgical care, nursing, burial, or board and care in a private institution or boarding home or house, or in a public medical institution as a patient, and such other aid as conditions may make necessary."

▮ The only aspect of this definition which might encompass the care given in this case is "care in a private institution or boarding home or house, or in a public medical institution as a patient." However, Section 503 (b) specifically forbids the granting of assistance to those in mental institutions or those diagnosed as having psy-

chosis who are in a medical institution as a result thereof. In view of the provisions of Section 503(b), I conclude that the "public medical institutions" referred to in Section 502 do not include mental institutions.

■ It follows that the care given to an inmate of a State mental institution is not "assistance" within the meaning of 31 *Del. Code* § 1104. If the provisions of 31 *Del. Code* § 502 and § 1104 were interpreted as classifying care for the mentally ill as "assistance", the provisions of § 503(b) would virtually forbid the State from confining a mentally ill person to a mental institution unless the person is able to pay for such services. Such result is obviously contrary to the legislative intent.

There is much administrative precedent for permitting the cost of the care of mentally ill persons to be charged to that person's real estate under the provisions of 16 *Del. Code* § 5127 and without regard to 31 *Del. Code* § 1104.

There are other difficulties connected with 31 *Del. Code* § 1104 which would have to be resolved if the deceased were found to be the recipient of "assistance" within the meaning of the statute.

The statute protects the real estate of needy recipients of public assistance from charges connected therewith without designating a limit on the value of the real estate so protected. An otherwise needy person may own or inherit valuable real estate. It is probable, however, that the legislature intended to do no more than protect modest homes from seizure by the State during the life time of the needy recipient of relief. Surely the statute was not intended to preserve substantial real estate holdings for the heirs of one who has been deemed needy and who has been a public charge over a period of years.

Since the issue raised in the particular case has been resolved as a matter of statutory interpretation, I need not decide whether the provisions of 31 *Del. Code* § 1104 could ever find application to protect real estate held by a solvent estate. I also express no opinion as to whether any person owning real estate worth $20,000. free and clear of debts may be deemed a "needy or ill" recipient of "relief or assistance" so as to entitle his real estate to the immunity from charge as provided by the statute. Legislative clarification of the statute would be desirable to prevent future litigation of these issues.

Plaintiff's motion for summary judgment will be granted and defendant will be under a duty to sell the real estate to pay the claim since 31 *Del. Code* § 1104 finds no application in cases where the claim is for care and treatment in a mental hospital.